| | | | | |
|---|---|---|---|---|
| Name of Assigned Judge or Magistrate Judge | Matthew Kennelly | Sitting Judge If Other than Assigned Judge | | |
| CASE NUMBER | 02 C 8036 | | DATE | 8/29/2003 |
| CASE TITLE | Stenger vs. World Harvest | | | |

# United States District Court, Northern District of Illinois

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  For the reasons set forth on the attached Memorandum Opinion and Order, the Court grants the defendant's motion to dismiss for lack of personal jurisdiction (15-1). The case is dismissed. Status hearing of 11/20/03 is vacated.

(11) ■ [For further detail see order attached to the original minute order.]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



DOCKETED
AUG 29 2003

PHILLIP S. STENGER, Receiver, )
)
Plaintiff, )
)
vs. ) Case No. 02 C 8036
)
WORLD HARVEST CHURCH, INC., )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

This case is before the court on the motion of the defendant World Harvest Church, Inc. to dismiss for lack of personal jurisdiction the action brought by plaintiff Phillip Stenger, the court appointed receiver for the assets of Charles Richard Homa, Michael E. Gause, and D. Dean Pearson. For the reasons stated below, the Court grants defendant's motion.

Between 1996 and October 1999, Homa, Gause and Pearson ("the Receivership Subjects") engaged in an elaborate scheme, fraudulently inducing investors to purchase interests in an enterprise called Cash 4 Titles ("C4T") whose ostensible purpose was to provide capital to consumer lending companies. The enterprise was not profitable, and as in the classic "Ponzi" scheme, the contributions of later investors were used to pay off earlier investors. The Receivership Subjects also diverted significant amounts of the investors' funds for their personal use and for the benefit of their friends and associates. All told, they defrauded some 2,400 investors out of an excess of $200 million.

Homa and Gause pled guilty to criminal charges of securities fraud and money laundering



in the Southern District of New York, and, in a separate civil action in this District, they were ordered to pay civil disgorgement in excess of $150 million in addition to criminal restitution. Pearson consented to a civil judgment in the amount of approximately $3 million. In the civil proceedings, each of the Receivership Subjects agreed to the appointment of Phillip Stenger as receiver for their assets and those of the entities involved in the schemes, for the benefit of the defrauded investors. The orders appointing Stenger name him "as receiver for the benefit of investors to marshal, conserve, protect, hold funds, operate and, with the approval of the Court, dispose of any wasting assets, wherever those assets may be found..." *See, e.g.*, First Am. Cplt., Ex. 1 ¶1.

Between 1994 and 1999, Pearson and Gause, who were members of the World Harvest Church, are claimed to have diverted over $1.9 million of C4T investor funds to the Church. In March 2003, Stenger, in his capacity as receiver, filed suit against World Harvest, making claims of fraudulent transfers and unjust enrichment. Stenger alleges that the Church knew or should have known that the transfers from Pearson and Gause were fraudulent and made with the intent to defraud the C4T investors and/or to perpetuate the C4T scheme. World Harvest, which is based in Georgia, has moved to dismiss the complaint for lack of personal jurisdiction.

**Discussion**

Federal Rule of Civil Procedure 4(k) provides that service of a summons is effective to establish jurisdiction over a defendant who could be subjected to jurisdiction in a court of the forum state; when service is authorized by a federal statute; or if the exercise of jurisdiction is consistent with the Constitution (as well as certain other bases not applicable here). Fed. R. Civ. P. 4(k)(1)(A) & (D), 4(k)(2). World Harvest argues, without contradiction, that it has had no

2

contact whatsoever with Illinois. It contends that as a result, it cannot be subjected to jurisdiction in an Illinois court and that constitutional due process principles likewise do not permit this Court's exercise of jurisdiction. Stenger argues that service of summons on World Harvest was authorized by a federal statute, thus conferring this Court with jurisdiction over World Harvest pursuant to Federal Rule of Civil Procedure 4(k)(1)(D).

Stenger relies on the interplay between the federal receivership statute, 28 U.S.C. §754, and 28 U.S.C. §1692, which Stenger argues authorizes extraterritorial service of process in cases brought by receivers. Section 754 provides as follows:

> A receiver appointed in any civil action or proceeding involving property, real, personal or mixed, situated in different districts shall, upon giving bond as required by the court, be vested with complete jurisdiction and control of all such property with the right to take possession thereof.
>
> He shall have the capacity to sue in any district without ancillary appointment, and may be sued in respect thereto as provided in section 959 of this title.
>
> Such receiver shall, within ten days after the entry of his order of appointment, file copies of the complaint and such order of appointment in the district court for each district in which property is located. The failure to file such copies in any district shall divest the receiver of jurisdiction and control over all such property in that district.

28 U.S.C. §754. This statute by itself does not confer extraterritorial *in personam* jurisdiction; rather it permits the receiver to obtain *in rem* jurisdiction over receivership property. *See Gilchrist v. General Electric Corp.*, 262 F.3d 295, 301 (4th Cir. 2001); *Terry v. June*, No. 3:03CV00047, 2003 WL 21738299, at *3 (W.D. Va. July 21, 2003). Moreover, §754 does not purport to authorize extraterritorial service of process, and thus it is not a statute that confers jurisdiction under Rule 4(k)(1)(D).

Stenger argues, however, that *in personam* jurisdiction exists by virtue of §1692, which, he contends, authorizes nationwide service of process in aid of actions filed by receivers. Section

3

1692 provides that

> [i]n proceedings in a district court where a receiver is appointed for property, real, personal or mixed, situated in different districts, process may issue and be executed in any such district as if the property lay wholly within one district, but orders affecting the property shall be entered of record in each of such districts.

28 U.S.C. §1692.

Before a receiver may avail himself of §1692, he must comply with the terms of §754. *See, e.g., SEC v. Vision Communications, Inc.,* 74 F.3d 287, 290 (D.C. Cir. 1996); *Haile v. Henderson National Bank,* 657 F.2d 816, 823 (6th Cir. 1981). It is undisputed that Stenger timely filed the necessary documents in the Northern District of Georgia, where World Harvest is located, and thus complied with the requirements of §754.

World Harvest argues that §1692 merely authorizes extraterritorial service of process in aid of *in rem* actions and does not do so in cases like this one in which the receiver seeks an *in personam* judgment. After considering the parties' arguments, the Court agrees with World Harvest.

The language of §1692 reflects that it applies in cases in which a receiver is appointed for real or personal property located in different districts. That is the case here; Stenger was appointed receiver for property that was allegedly wrongfully transferred by the Receivership Subjects outside the jurisdiction. Effectively, what he is seeking to do in this case is to recover property that he says is located in the Northern District of Georgia because it was transferred to World Harvest there. Because this is a case within the ambit of §1692, "process may issue and be executed" in this district as if the property were located here. The common meaning of "process," as used in this context, is "a summons or writ, [especially] to appear or respond in court." Black's Law Dictionary 1222 (7th ed. 1999). The question under Rule 4(k)(1)(D),,

4

however, is whether §1692 authorizes *service* of process on a non-resident individual or entity in an *in personam* action. The Court concludes that it does not. The statute does not mention *service* of process; rather it speaks only of *issuance* and *execution* of process. The issuance of process is the Clerk's ministerial act of issuing a summons to a plaintiff so that he or she can serve it on the defendant. The execution of process involves the act, in an *in rem* action, of attaching property. *Cf. United States v. Approximately 2,538.85 of Stock Certificates*, 988 F.2d 1281, 1282, 1286 (1st Cir. 1993) (concerning Sup. R. Fed. P. E(4), which deals with "execution of process"; "'Execution' of such 'process' consists of the service of the arrest warrant upon the defendant property ...."; distinguishing between "service" of a warrant on the property owner and "execution" of the process on the property itself). In short, the statute does not provide for nationwide service of summons on an individual or entity sued by a receiver. Rather, by its terms it is effectively an adjunct to §754 which provides the court that appointed the receiver with *in rem* jurisdiction over property located outside the district in which the appointment was made.

The language of §1692 differs markedly from statutes which have been construed to permit nationwide service of process. For example, the RICO statute provides as follows:

> In any action under section 1964 of this chapter in any district court of the United States in which it is shown that the ends of justice require that other parties residing in any other district be brought before the court, the court may cause such parties to be summoned, *and process for that purpose may be served in any judicial district of the United States by the marshal thereof.*

18 U.S.C. §1965(b) (emphasis added); *see Lisak v. Mercantile Bancorp, Inc.*, 834 F.3d 668, 671 (7th Cir. 1987) ("§1965(b) creates personal jurisdiction by authorizing service"). Another example is 28 U.S.C. §1697, a recently-adopted statute that authorizes nationwide service in cases brought in federal court under 28 U.S.C. §1369, which concerns mass-accident cases;

5

§1697 provides that in such cases, "process, other than subpoenas, *may be served* at any place within the United States, or anywhere outside the United States if otherwise permitted by law." The Securities Exchange Act of 1934 contains a similar provision stating that in an action brought under that Act, process "*may be served* in any other district of which the defendant is an inhabitant or wherever the defendant may be found." 15 U.S.C. §78aa (emphasis added); *see Fitzsimmons v. Barton,* 589 F.2d 330,332-34 (7th Cir. 1979) (reading §78aa as allowing nationwide service of process). *See also* 15 U.S.C. §22 (Clayton Act; containing a similarly-worded provision). Each of these statutes makes it clear that process may be *served* nationwide for the purpose of bringing individuals and entities before the court. Section 1692, by contrast, contains no language providing for nationwide *service* of process and thus does not create personal jurisdiction under Rule 4(k)(1)(D). In this regard, the Court respectfully disagrees with *Haile v. Henderson National Bank,* 657 F.2d 816 (6th Cir. 1981), a case on which Stenger relies heavily.

Because Stenger places exclusive reliance on §1692 as the basis for conferring personal jurisdiction over World Harvest, our rejection of his argument mandates dismissal of this action, and we need not deal with the due process arguments raised by World Harvest.

### Conclusion

For the reasons stated above, the Court grants the defendant's motion to dismiss for lack of personal jurisdiction [docket #15-1]. The case is dismissed.

MATTHEW F. KENNELLY
United States District Judge

Date: August 29, 2003

6